[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Before this Court is an appeal from a decision, following remand, of a Hearing Officer of the Rhode Island Department of Human Services (DHS) denying David Brooks's (Plaintiff) application for Medical Assistance (MA) benefits. Plaintiff seeks reversal of DHS's denial of benefits. Jurisdiction is pursuant to G.L. 1956 § 42-35-15.
 FACTS AND TRAVEL
In a decision entered on April 22, 2004, this Court remanded the instant matter in part and retained jurisdiction. The underlying matter concerns DHS's denial of Plaintiff's application for MA benefits. DHS denied Plaintiff's application after review and a hearing. Plaintiff timely appealed. Examining the record, this Court found the Hearing Officer's decision that Plaintiff endures no severe impairment with regard to testicular cancer, hypertension, diabetes, or seizures to be supported by reliable, probative, and substantial evidence on the record. Accordingly, this Court affirmed those findings.
Finding the agency determination that Plaintiff did not suffer migraines to be unsupported by substantial evidence, this Court remanded the matter. This Court ordered DHS to determine whether Plaintiff's migraine headaches constitute an impairment. If DHS found that an impairment existed, it was directed to conduct a new hearing for a severity determination.
Responding to this Court's order, DHS filed a document entitled "Addendum to the Administrative Hearing Decision." The document contains a thorough review of evidence in the existing record concerning Plaintiff's migraines. From this record DHS concludes Plaintiff does suffer from migraines. Also from the record, DHS concludes Plaintiff's migraines are not a severe impairment of his ability to work.
By letter dated July 1, 2004, Plaintiff objected to DHS's action on remand, alleging it did not conform to this Court's order. Plaintiff asks this Court to compel DHS's compliance. Plaintiff also asks this court for an instruction to DHS, requiring it to consider all impairments in combination with migraines, regardless of their individual severity when determining Plaintiff's eligibility.
 PLAINTIFF'S OBJECTION
Plaintiff, through his attorney, protests that DHS failed to comply with this Court's instructions upon remand. Specifically, Plaintiff notes this Court ordered DHS to conduct a severity hearing if it determined the record supported a finding that Plaintiff suffered migraines. Additionally, Plaintiff requests this Court to instruct DHS to consider the combination of all impairments, severe or not, in determining Plaintiff's eligibility. Plaintiff cites 20 C.F.R. § 416.923, and the case McDonald v. Sec. of HHS, 795 F.2d 1118, 1126-28 (1st Cir. 1986), in support of this proposition.
 ANALYSIS
Sufficiency of DHS Response
DHS's "Addendum" is not compliant with the instructions set forth by this Court on remand. Specifically, DHS, upon determination that Plaintiff suffers from migraines, failed to conduct the severity hearing ordered by the court. The ordered hearing will allow Plaintiff to present further evidence concerning his migraines, which may or may not be sufficient to award him MA benefits. The DHS "Addendum," while articulate and thorough, appears designed to deny Plaintiff that opportunity.[1]
Plaintiff's Proposed Instruction
Plaintiff's proposition that all impairments must be considered in combination in making an eligibility determination is well founded in light of precedent he cites in support thereof. Specifically, the Regulation directs the agency to "consider the combined effects of all 
impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." Section 416.923.
It is true DHS found, and this Court affirmed, Plaintiff's various other impairments to be of insufficient severity, standing alone, to constitute severe impairment of his ability to work. Nothing in that determination, however, precludes consideration of the varying degrees of pain and impairment associated with the non-severe impairments when combined with the migraines, which might well constitute severe impairment of Plaintiff's ability to work. The United States Court of Appeals for the First Circuit, considering the same proposition, declared it "a matter of common sense that various . . . defects, each non-severe in and of itself, might in some cases, make it impossible for a plaintiff to work." McDonald, at 1127. Accordingly, when evaluating the severity of impairment of Plaintiff's ability to work, DHS must consider the cumulative effect of Plaintiff's various non-severe impairments combined with impairment attributable to migraines.
 CONCLUSION
This Court remands this matter to DHS to conduct a new hearing, in accordance with the instructions set forth in this Court's decision of April 22, 2004, to determine the severity of Plaintiff's migraines. In making the severity determination, DHS must consider the cumulative effect of Plaintiff's various non-severe impairments combined with his impairment attributable to migraines. This Court will retain jurisdiction. Accordingly, the Hearing Officer's decision (or "Addendum") is remanded.
[1] This Court notes Plaintiff's observation that a new Hearing Officer conducted the review on remand, submitting the "Addendum" in response. The new Hearing Officer, not present at the hearing itself, is at a disadvantage making his determination from the record alone, with no opportunity to observe the plaintiff or make credibility determinations.